| | |
|---|---|
| PHILLIP S. MORALES<br>1286 SW Briarwood Drvie<br>Port St. Lucie, FL 34986 | )<br>)<br>)<br>) |
| FRANK A. L. SUBARAN<br>2223 Old Valley Pike<br>New Market, VA 22844 | )<br>)<br>)<br>) |
| JOHN E. GRAY<br>14711 Edgewater Drive<br>Woodbridge, VA 22193 | )<br>)<br>)<br>) |
| RUTH C. LABARDEE<br>11511 Paxton Drive<br>Spotsylvania, VA 22553 | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Civil Action No.<br>) CLASS ACTION |
| INTELSAT GLOBAL SERVICE CORP.<br>3400 International Drive<br>Washington, D.C. 20008 | )<br>)<br>) |
| SERVE:<br>    C.T. Corporate Systems, Co.<br>    1015 15th Street N.W.<br>    Suite 1000<br>    Washington, D.C. 20005 | )<br>)<br>)<br>)<br>)<br>) |
| ADMINISTRATOR,<br>INTELSAT SERVICES CORP.<br>MEDICAL BENEFIT PLAN<br>3400 International Drive<br>Washington, D.C. 20008 | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT**

1. Plaintiffs' class action claims against Defendants are filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq* (herein "ERISA") and the doctrine of pendant jurisdiction.

2. Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: (a) a declaration and enforcement of rights under the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), b) reinstatement of benefits, c) payment of all back benefits due with pre-judgment and post-judgment interest, d) the enforcement of rights under the employee benefits plan, e) the clarification of rights to future benefits under the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and f) award of attorney's fees and costs.

3. Plaintiffs seek a) injunctive relief to prevent Defendant Intelsat Global Service Corp. (IGSC) from breaching its agreement with the International Telecommunications Satellite Organization (INTELSAT), which allowed ISC to assume and privatize the assets of that treaty organization.

4. Venue and jurisdiction are proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132 (e) and (f).

## CLASS ACTION ALLEGATIONS

5. Plaintiffs, Morales, Subaran and Gray bring this action on behalf of all persons who retired from or were eligible to retire from INTELSAT or its successor on or before July 18, 2001. Plaintiff Labardee brings this action on behalf of all persons who are surviving spouses of those individuals who retired from or were eligible to retire from INTELSAT or its successor on or before July 18, 2001. All members of the proposed class of employees, retirees, spouses and surviving spouses are covered by the March 2001 Resolution passed by the Board of INTELSAT which defined their vested rights to medical benefits.

6. The class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges that this class of persons consists of approximately 250 persons who reside both in the United States and in other countries.

7. Plaintiffs are proper representatives of this class because they are members of the class defined above. The claims set forth in this complaint are common to each and every member of the class. The claims of plaintiffs are not subject to any unique defense nor does any interest of plaintiffs conflict with any other member of the class.

8. The named plaintiffs will fairly and adequately protect the interests of the class. They will pursue the litigation with diligence and vigor.

9. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class as a whole, making declaratory, injunctive and other equitable relief appropriate.

## PARTIES

10. Plaintiffs are employees or spouses of employees of INTELSAT or IGSC, who retired or were eligible to retire on or before July 18, 2001.

11. Defendant, IGSC, is a Delaware corporation whose corporate offices are located in the District of Columbia. The Defendant Administrator is the designated Administrator of the Intelsat Services Corporation Medical Benefit Plan, which is organized under and administered pursuant to 29 U.S.C. § 1002(1).

## FACTS

12. INTELSAT was created pursuant to a 1971 multilateral international treaty to develop, construct and maintain an international satellite communications system. The INTELSAT headquarters were located in Washington, D. C. but its employees were from all over the world.

13. At all relevant times between 1971 and 2001, INTELSAT provided health care benefits for its employees, retirees and their spouses.

14. In or around November 1993, INTELSAT issued a description of Retiree Health Insurance Benefits which stated that "[s]urviving spouses covered by the health plan may continue coverage upon the death of retiree."

15. In or around November 1994, INTELSAT issued a notice of Early Voluntary Retirement Program. The description of the program included the statement that "[a]ll

participants in the EVR will be eligible for continuation of medical insurance coverage under the INTELSAT Retiree Medical Program."

16. In or around January 1997, INTELSAT issued a summary plan description for the Retiree's Health Benefits Plan administered through Blue Cross/Blue Shield. The SPD included, inter alia, full coverage for retirees and their spouses. The spouse's coverage would only terminate if he or she divorced the retiree.

17. During the 1990's the decision was made to privatize INTELSAT. Pursuant to 47 U.S.C. § 763, the assets and functions of INTELSAT would be transferred to an independent commercial entity. Thus negotiations began with Intelsat Services Corporation.

18. During the course of the negotiations concerns were raised about the effect of privatization on the retirees' benefits. In or around October 2000, the Director General and Chief Executive Officer of INTELSAT, Conny L. Kullman, assured retirees "not only that the retirees' current health benefits would not be modified prior to privatization, but that INTELSAT management has no present intent to initiate any reduction in those benefits."

19. In or around March 2001, the Board of INTELSAT passed a Resolution which applied to

> (a) all INTELSAT retirees who are participating in the CareFirst Plan as of the Privatization Date ("Protected Retirees'); (b) all spouses and dependents of Protected Retirees who are enrolled in such plan as of the Privatization Date and thereafter remain eligible for coverage under the terms of such plan or who become eligible for coverage after the Privatization Date pursuant to the terms of the CareFirst Plan ("Protected Dependents"); (c) all INTELSAT employees who will become eligible to retire under the terms of the Staff Retirement Plan and eligible to participate in retiree medical benefits on or before the date of privatization ("Eligible Retirees") regardless of whether they actually retire before that date; and (d) all spouses and dependents of the Eligible Retirees who are eligible

Page 5 of 8

to enroll in such a plan upon the Eligible Retiree's actual retirement date and thereafter remain eligible or who thereafter become eligible for such coverage under the terms of the CareFirst Plan ("Eligible Dependents").

The Resolution further provided that the plan document issued to employees and retirees on or before privatization "shall reflect the benefits, administration and plan features" as of January 1, 2001. The Board mandated that the Resolution "shall be incorporated into the asset transfer documents . . . as a condition of the transfer." Moreover, the Resolution described the benefits and rights provided therein as a "vested ERISA covered plan established by ISC and its successors and guaranteed by Intelsat Ltd and its successors." And if there was any conflict between the terms of the Resolution and the provisions of the asset transfer documents, the Resolution "shall control."

20. In or around May 2001, Kullman described the Resolution as "guaranteeing" the level of benefits.

21. In or around October 2001, a new Summary Plan Description, dated June 25, 2001, was distributed to employees and retirees by Intelsat Global Service Corporation which included several changes to the retiree benefits plan:

    a. The coverage of spouses terminated with the death of the retiree;

    b. In lieu of the original coverage, surviving spouses may elect a type of COBRA coverage for a limited time.

    c. Intelsat Services Corporation reserved the right to "change, amend or terminate the program at any time for all participants."

22. The application of the new SPD has resulted in the denial of benefits to surviving

Page 6 of 8

23. IGSC has stated that it can make further changes to the benefits of retirees at any time.

## COUNT I
## VIOLATION OF ERISA

24. The allegations of each of the foregoing paragraphs are incorporated herein as if re-alleged.

25. The welfare benefit plan is a vested right under ERISA. The unilateral changes in the benefits under the vested plan constitutes a breach in the fiduciary duty of the Defendants.

26. As a result of the Administrator's actions, Plaintiffs have suffered loss of benefits to which they would otherwise have been entitled, as well as other severe financial and emotional distress.

## COUNT II
## BREACH OF CONTRACT

27. The allegations of each of the foregoing paragraphs are incorporated herein as if re-alleged.

28. IGSC, through its agents and officers, breached the terms of its contracts with INTELSAT.

29. As a direct and proximate result of IGSC's breach, Plaintiffs, as third party beneficiaries, have suffered and continue to suffer loss of benefits and consequential damages.

## RELIEF SOUGHT

The Plaintiffs request that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Plan to deny benefits.

2. That the March 2001 Resolution of the INTELSAT Board establishes a clear intent to vest the benefits of the retirees and their spouses.

3. That Plaintiffs are entitled to the level of benefits in place on January 1, 2001.

4. That the Plaintiffs are entitled to an injunction against IGSC to prevent unilateral changes to the retiree benefits which breaches their agreement with INTELSAT.

5. That the Plaintiffs and each member of the class are entitled to continuing coverage for surviving spouses.

6. That the Plaintiffs and each member of the class are entitled to payment of past and future benefits.

7. That the Plaintiffs and each member of the class are entitled to payment of pre and post-judgment interest.

8. That the Plaintiffs are entitled to payment of attorney's fees and costs.

Respectfully submitted,

Phillip S. Morales, et al
By Counsel

Marni E. Byrum, Esq. (DC # 411494)
2009 N. 14th Street, Suite 610
Arlington, VA 22201
703/525-3877
Counsel for Plaintiffs