IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Phillip S. Morales, et al., | * | |
|     Plaintiffs, | * | |
| v. | * | Civil Action No.: 1:04-CV-01044 |
| | | JUDGE: James Robertson |
| Intelsat Global Service Corp., et al. | * | |
|     Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT MOTION TO CERTIFY CLASS
FOR SETTLEMENT PURPOSES ONLY, PRELIMINARILY
APPROVE THE AGREEMENT OF SETTLEMENT
OF CONSOLIDATED ERISA CLASS ACTION,
AND TO APPROVE THE FORM AND MANNER OF NOTICE**

Pursuant to Rule 23(e), Fed. R. Civ. P., and subject to the Court's approval, plaintiffs and defendants who have entered into an agreement to resolve this consolidated class action (the "Consolidated Action"), which is a consolidation of *Morales et al. v. Intelsat Global Service Corp., et al.*, Civil Action No. 1:04-CV-01044, and *Acosta et al. v. Intelsat Global Service Corp., et al.*, Civil Action No. 1:04-CV-01618, presently pending in the United States District Court for the District of Columbia, move the Court as follows:

    1.    To certify a class for settlement purposes only;

    2.    Preliminarily to approve the settlement as set forth in the Agreement of Settlement of Consolidated ERISA Class Action (the "Agreement"), a copy of which, without its exhibits is attached hereto as Exhibit 3 (as the original Agreement of

Settlement with all of its exhibits is being contemporaneously filed as a separate docket entry); and

3. To approve the form and manner of service of the notice of class action settlement.

As grounds for this motion, movants state as follows:

1. Movants have negotiated at arm's length over an extended period of time to reach a settlement of the issues and disputes as set forth in the Fifth Amended and Consolidated Complaint filed herein. The parties' entire agreement is reflected in the Agreement; no other agreements or understandings have been reached. The Lead Plaintiffs and proposed class representatives believe that the Agreement is a fair, reasonable and adequate resolution of the Consolidated Action, pursuant to Fed. R. Civ. P. 23(e)(1)(C), based on an evaluation of (a) the substantial benefits that plaintiffs and their family members will receive as a result of the settlement; (b) the certainty the settlement provides to them; (c) the risks of litigation; and (d) the time and expense of litigation.

2. The Agreement is conditional, in that a number of things must happen in order for it to be final and implemented. Initially, and before a hearing pursuant to Rule 23(e)(1)(C) to determine whether the Agreement is fair, reasonable and adequate, the following must happen:

a. The settlement class, which shall consist of the Qualifying Retiree Group, as that term is defined in Section 1.13 of the Agreement, must be certified as a Rule 23(b)(2) class for settlement purposes only, with no opt-out provisions;

BA2/313177

      b.    Lead Plaintiffs and Lead Counsel for Plaintiffs must be designated for settlement purposes only;

      c.    The Court must preliminarily approve the settlement terms as set forth in the Agreement;

      d.    Notice of the Agreement must be provided to absent class members, advising them of their right to object to the Agreement.

3. The members of the settlement class have been identified, and last-known addresses for these individuals are available. Accordingly, movants have agreed that the most reasonable mechanism of effecting service of notice of the Agreement on the class members is by first-class mail. *See* Fed. R. Civ. P. 23(e)(1)(B). Movants have also agreed on a form of Notice, attached hereto as Exhibit 1, and incorporated herein by reference. Movants respectfully request that the Court approve both the manner and form of service of this Notice.

4. Movants also request that a specific date and time for a hearing pursuant to Fed. R. Civ. P. 23(e)(1)(C) be set, so the date and time may be included in the Notice. Movants request that this hearing be set no fewer than 60 days after the date on which the mailing of the Notice is expected to be completed.

5. Because certain class members reside outside of the United States, necessitating additional time for the receipt of notice, and to allow adequate time for them to object should they so desire, movants request that the following schedule be adopted, which will be set forth in the Notice:

      a.    the Notice will be served by first-class mail on or before 30 days from the entry of the Court's Order; and

   b. class members' objections to the Agreement must be received by the Court no later than 25 days before the hearing.

  6. Movants are in agreement that it is desirable to move forward at this time, and therefore ask that the Court enter an Order Certifying Class for Settlement Purposes Only, Preliminarily Approving the Agreement of Settlement of Consolidated ERISA Class Action, and Approving the Form and Manner of Notice. A proposed Order is attached hereto as Exhibit 2.

  WHEREFORE, movants pray that the Court enter an Order Certifying Class for Settlement Purposes Only, Preliminarily Approving the Agreement of Settlement of Consolidated ERISA Class Action, and Approving the Form and Manner of Notice.

Respectfully submitted,

| | |
|---|---|
| _/s/ Lawrence P. Postol_ 3/13/07 | _/s/ G. Stewart Webb, Jr._ |
| Lawrence P. Postol (DC Bar No. 239277) | G. Stewart Webb, Jr. |
| Seyfarth Shaw LLP | Andrew Gendron (DC Bar No. 471159) |
| 815 Connecticut Ave., N.W. | VENABLE LLP |
| Suite 500 | 2 Hopkins Plaza |
| Washington, DC 20006 | Suite 1800 |
| (202) 463-2400 | Baltimore, Maryland 21201 |
| | (410) 244-7400 |
| **Counsel for Proposed Lead Plaintiffs and Class** | **Counsel for Defendants** |

BA2/313177