IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Phillip S. Morales, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: 1:04-CV-01044 |
| | | JUDGE:  James Robertson |
| Intelsat Global Service Corp., et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT**

**PLEASE READ THIS NOTICE CAREFULLY
A FEDERAL COURT AUTHORIZED THIS NOTICE
THIS IS NOT A SOLICITATION**

A federal court is considering whether to approve the settlement of a class action lawsuit. If the Court approves the settlement, Intelsat Corporation ("Intelsat Private") will adopt a new ERISA health benefits plan to provide medical, dental, vision and prescription drug benefits for those persons covered by resolutions adopted by the Board of Governors of the International Telecommunications Satellite Organization ("INTELSAT/IGO") in March and April 2001 (collectively, the "INTELSAT/IGO Board Resolutions").

This notice is being sent to those people who would receive medical, dental, vision and prescription drug benefits under the settlement – eligible current and future retirees of INTELSAT/IGO and Intelsat Private covered by the INTELSAT/IGO Board Resolutions as well as eligible spouses, domestic partners, and dependents of such retirees, and certain surviving spouses, domestic partners and dependents of such retirees.

The class of individuals covered by the settlement is further defined in this notice below at Question 6 on pages 4 and 5.

**YOU SHOULD READ THIS ENTIRE DOCUMENT CAREFULLY BECAUSE YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR NOT.**

EXHIBIT C TO
AGREEMENT OF SETTLEMENT
And
EXHIBIT 1 TO JOINT MOTION

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| YOU CAN SUPPORT THE SETTLEMENT | You do not need to do anything for the settlement to be approved. If you do nothing, your conduct will be interpreted as indicating your approval. |
| YOU CAN OBJECT | You can write to the Court about why you do not like the settlement. |
| YOU CAN GO TO A HEARING | You can ask to speak in Court about the fairness of the settlement. |

Your rights and options **– and the deadlines to exercise them –** are explained in this notice.

## BASIC INFORMATION

### 1. Why did I get this notice package?

You have been identified as a member of the class of individuals who will be subject to the proposed settlement because you are covered by the INTELSAT/IGO Board Resolutions. The class of individuals covered by the settlement is further defined in this notice below at Question 6 on pages 4 and 5.

The Court authorized that this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after any objections and appeals are resolved, your retiree medical, dental, vision and prescription drug benefits will be provided pursuant to a new ERISA health benefits plan.

This notice explains the lawsuit, the settlement, your legal rights, and the new ERISA health benefits plan.

The Court in charge of this case is the United States District Court for the District of Columbia, where a lawsuit is pending as *Morales et al. v. Intelsat, et al.*, Civil Action No. 1:04-CV-01044; this lawsuit has been consolidated with *Acosta et al. v. Intelsat, et al.*, Civil Action No. 1:04-CV-0161, which means that the lawsuits are treated as one lawsuit (the "Consolidated Action"). The people who brought these suits are called the plaintiffs, and Intelsat Private is called the defendant.

| 2. | *How do I get more information?* |
|---|---|

If you wish to obtain more information about the settlement, you may contact Lawrence P. Postol, the lawyer representing the Lead Plaintiffs, whom the Court has appointed as the representatives for all members of the class for purposes of this settlement.  His contact information is as follows.  The best way to contact him is by e-mail:

>   Lawrence P. Postol
>   Seyfarth Shaw LLP
>   815 Connecticut Avenue, NW
>   Washington, DC  20006
>   (202) 463-2400
>   lpostol@seyfarth.com

Please do not contact the Court or Intelsat Private.  They will not be able to answer your questions.

| 3. | *What is this lawsuit about?* |
|---|---|

INTELSAT/IGO, the International Telecommunications Satellite Organization, was an "international governmental organization," established by treaty among its member governments for the purposes of building and operating a global satellite communications network.  INTELSAT/IGO offered various health benefits to its employees and retirees, and to their current and surviving spouses, domestic partners, and dependents who were eligible for such benefits.  By act of Congress, INTELSAT/IGO was required to privatize – to create a private company (or companies) under which the former operations of INTELSAT/IGO would be conducted – which it did on July 18, 2001.  In March and April 2001, prior to privatization, the Board of Governors of INTELSAT/IGO adopted the INTELSAT/IGO Board Resolutions, purporting to require that the health benefits offered by INTELSAT/IGO be continued after privatization for certain classes of retirees and employees of INTELSAT/IGO, and their surviving spouses and certain dependents, following their retirement.  The Resolutions purport to require advance funding, under certain circumstances, for the obligation to provide health benefits.  The funding provisions in the Resolutions, if triggered, purport to require that sufficient funds be put into an irrevocable trust to pay for the obligation to provide the health benefits.  Some retirees have referred to this as a "financial trigger."  The plaintiffs have claimed in the lawsuit that the funding provisions have been triggered, and thus if the lawsuit were successful, Intelsat Private (as defined below) may have to put funds into an irrevocable trust to pay for future health benefits for the retirees, their surviving spouses, domestic partners and dependents.

As a result of the privatization process, Intelsat Private, a private, for-profit company originally called Intelsat Global Service Corporation,[1] was created on July 18, 2001, and certain assets and liabilities of INTELSAT/IGO were transferred to Intelsat Private. Thereafter, a dispute arose as to whether Intelsat Private was bound by the INTELSAT/IGO Board Resolutions. Intelsat Private denied that it was required to comply with the provisions of those Resolutions, including the funding provisions, and maintained that it had the right to alter or eliminate the health care benefits previously provided by INTELSAT/IGO for retirees. Intelsat Private also claimed that surviving spouses and dependents of deceased retirees could continue their coverage under the health benefits plan for a specific period of time through COBRA, but not indefinitely for the rest of their lives. The Consolidated Action described in this Notice was filed to challenge the position of Intelsat Private that it was not required to provide the health care benefits described in the INTELSAT/IGO Board Resolutions to the persons covered by those Resolutions. The Complaint in the Consolidated Action seeks a declaratory judgment that Intelsat Private is bound by the INTELSAT/IGO Board Resolutions and an order requiring Intelsat Private to provide the health care benefits described in those Resolutions to all persons covered by those Resolutions, including surviving spouses and dependents. Intelsat Private has denied that it has any obligation to comply with the INTELSAT/IGO Board Resolutions or to provide the health care benefits described in those Resolutions. Intelsat Private has also denied that the so-called "financial trigger" in the Resolutions is enforceable.

Intelsat Private has filed a motion asking that the Court rule as a matter of law that it is not bound by the INTELSAT/IGO Board Resolutions, and the plaintiffs have filed a cross motion asking the Court to rule in the plaintiffs' favor on certain legal issues. The Court has not yet made a ruling on the motions.

The parties entered into protracted arm's-length settlement discussions in an attempt to resolve the lawsuits, and, after a number of meetings and discussions, agreed in principle to settle the lawsuits. A settlement agreement was executed as of March 12, 2007 (the "Agreement").

| 4. | Why is this a class action? |
|---|---|

In a class action, one or more persons called Lead Plaintiffs sue on behalf of all people who have similar claims. All of these people who have similar claims make up the class and are class members. One court resolves the issues for all class members. Because plaintiffs have asserted that Intelsat has acted or refused to act on grounds generally applicable to all of the retirees and their spouses, domestic partners and dependents who are covered by the INTELSAT/IGO Board Resolutions, plaintiffs filed this case as a class action.

---

[1] Following a merger and name change, Intelsat Global Service Corporation is now known as Intelsat Corporation.

| 5. | *Why is there a settlement?* |
|---|---|

The Court has not decided in favor of plaintiffs or the defendant.  The defendant denies that it is required to provide specified medical, dental, vision or prescription drug benefits to the plaintiffs or any member of the class.  Instead of litigation, however, both sides have agreed to a settlement.  By agreeing to a settlement, parties avoid the costs and risk of a litigation and a trial, and the class will get medical, dental, vision and prescription drug benefits under the terms of a new ERISA health benefits plan.  The Lead Plaintiffs and their attorneys believe that the settlement is in the best interest of all class members.

| 6. | *How do I know if I am part of the settlement?* |
|---|---|

If you are included in the group of individuals covered by the INTELSAT/IGO Board Resolutions, you are a member of the class and are covered by the settlement. Specifically, the class includes: (a) all individuals formerly employed by INTELSAT/IGO or Intelsat Private, who are described by the IGO Board Resolutions, who are retired as of 1 January 2007, and who are enrolled in the retiree health benefits program sponsored by Intelsat Private as of 1 January 2007, called the "Prior Retiree Health Plan" (the "IGO Board Resolution Retirees"); (b) all current or surviving spouses, domestic partners, or dependents of the IGO Board Resolution Retirees who are enrolled in the Prior Retiree Health Plan as of 1 January 2007 and who remain eligible for coverage under the new ERISA health benefits plan that will take effect if the Court approves the settlement and after any objections and appeals are resolved (the "IGO Board Resolution Dependents"); (c) all surviving spouses, domestic partners or dependents of retirees described by the IGO Board Resolutions who died prior to 1 January 2007, but which surviving spouses, domestic partners or dependents were enrolled in the Prior Retiree Health Plan immediately before the death of such retiree, who are not enrolled in the Prior Retiree Health Plan as of 1 January 2007, but who, by virtue of the Agreement, become eligible for, and enroll in the new ERISA health benefits plan as of the date of the Court's final approval of the Agreement (after any objections and appeals are resolved) and thereafter remain eligible for coverage under the new ERISA health benefits plan; (d) all current employees of Intelsat Private who are described in the IGO Board Resolutions but who have not retired as of 1 January 2007 and who are eligible under the terms of the IGO Board Resolutions to enroll in the new ERISA health benefits plan upon their actual retirement from Intelsat Private after the age of 55, but only in the event that they timely take all steps necessary to actually enroll in the new ERISA health benefits plan as a retiree, upon their actual retirement from Intelsat Private, which retirement occurs after 1 January 2007 ("IGO Board Resolution Eligible Members"); and (e) all spouses, domestic partners, or dependents of IGO Board Resolution Eligible Members who enroll in the new ERISA health benefits plan as of the date that the IGO Board Resolution Eligible Member actually retires from Intelsat Private and enrolls in the new ERISA health benefits plan himself/herself, and who thereafter remain eligible for coverage under the new ERISA health benefits plan ("IGO Board Resolution Eligible Dependents").  For purposes of this definition, the terms "spouse",

"domestic partner" and "dependent" shall be as defined under the terms of the new ERISA health benefits plan.

If you are included in this defined group, you are a member of the class and are covered by the settlement.

### 7. Are there exceptions to being included?

No. If you meet the definition of a class member, you are included.

### 8. Can I exclude myself from the settlement?

No. **You do not have the right to exclude yourself from the settlement in this case.** The case was certified for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(2) as a "non opt-out" class action because any resolution necessarily applies to all members of the class. It is not possible for any class members to exclude themselves from the settlement, and it is a condition of the settlement that all class members be included and bound by it. Therefore, as a class member, you will be bound by any judgments or orders that are entered in the Consolidated Action, and, if the settlement is approved, you will be deemed to have released Intelsat Private and all of the other defendants from any and all claims that were or could have been asserted in this case on your behalf, other than your right to obtain the relief provided to you, if any, by the settlement.

Although you cannot opt out of settlement, you can object to the settlement and ask the Court not to approve the settlement. See Question 14 on page 8.

### THE SETTLEMENT BENEFITS

### 9. What does this settlement provide?

The settlement provides that a new ERISA health benefits plan, called the "Intelsat Qualifying Retiree Group Health Plan," will be created and will take effect on the date of the Court's final approval of the Agreement, after any objections and appeals are resolved. The Intelsat Qualifying Retiree Group Health Plan will provide essentially the same medical, dental, vision and prescription drug benefits provided by Intelsat Private to active employees as of January 1, 2007. At this time, this plan would be administered by UnitedHealthcare (a UnitedHealth Group Company) and Metropolitan Life Insurance Company. The Plan will provide participants with vested rights to enforce the terms of the Plan, which means that the medical benefits under the Plan, taken as a whole, cannot be taken away or eliminated but that Intelsat Private will retain the right to change the insurer and administrator of the benefits and the right to change the benefits under the Plan, or the costs of such benefits, as long as the Plan benefits, taken as a whole and as modified by the change, are not reduced below the Plan benefits, taken as a whole, as of the date of the Court's final approval of the settlement. There are also certain cost of living adjustment provisions (COLA's) as defined by the Agreement.

The settlement does not provide under any circumstances for the advance funding of any benefits, nor is there any provision for establishing any trust arrangement. Therefore, if Intelsat goes bankrupt, your benefits under this settlement may be lost. However, the settlement expands the entities or obligors that shall be responsible for providing the health benefits under the Plan to include transferees, affiliates and successors of Intelsat Private under certain circumstance described in the Settlement Agreement.

If the final settlement is approved in 2007, the monthly premiums for members of the class under the Intelsat Qualifying Retiree Group Health Plan will be as set forth in the premium chart attached to this notice. If the final settlement is not approved until 2008 or later, then for the first year of the new plan (and for each year thereafter), the monthly premiums will be equal to the premiums set forth in the attached premium chart, as increased for each year since 2007 by the Medical Care Index COLA, which is a government calculated statistic, or by the percentage increase applied to the monthly premiums that Intelsat charges to its active employees under their health plan, whichever is less.

**10.    Will there be a monetary payment to me?**

No. The benefit to you is coverage under the Intelsat Qualifying Retiree Group Health Plan.

**THE LAWYERS REPRESENTING YOU**

**11.    Do I have a lawyer in this case?**

The Court appointed Lawrence P. Postol, Esquire of the law firm of Seyfarth Shaw LLP as Lead Counsel for Plaintiffs to represent you and other class members. You will not be charged for this lawyer. Mr. Postol and his law firm will be paid under the terms of the settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

**12.    How will the lawyers be paid?**

Counsel for plaintiffs are seeking an award of attorneys' fees of up to $200,000, to be paid by Intelsat Private. Intelsat Private has agreed to pay the award up to $200,000. Certain plaintiffs have paid part of Lead Counsel for Plaintiffs' fees, and some of the $200,000 will be paid to reimburse them. Lead Counsel for Plaintiffs will receive no monies beyond Counsel's normal hourly billing rate and payment of expenses.

**OBJECTING TO THE SETTLEMENT**

**13.    What does it mean to object?**

You can tell the Court that you do not agree with the settlement or some part of it.

| *14.* | *How do I tell the Court that I object to the settlement?* |

You can object to the settlement if you dislike any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Morales, et al. v. Intelsat, et al.*, Case No. 1:04-CV-01044. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. **Mail the objections to the three different places *below*. The letter must be received by the Court no later than 25 days before the hearing. The Court will not consider your objections if it does not receive them before this date.**

| **Court** | **Lead Counsel for Plaintiffs** | **Defense Counsel** |
|---|---|---|
| Clerk of the Court<br>UNITED STATES<br>  DISTRICT COURT<br>  DISTRICT OF<br>  COLUMBIA<br>333 Constitution Ave., N.W.<br>Washington, D.C.  20001 | Lawrence P. Postol<br>Seyfarth Shaw LLP<br>815 Connecticut Ave., N.W.<br>Suite 500<br>Washington, DC  20006 | G. Stewart Webb, Jr.<br>VENABLE LLP<br>2 Hopkins Plaza<br>Suite 1800<br>Baltimore, Maryland  21201 |
|  | **Counsel for Morales Group Plaintiffs** |  |
|  | Marni E. Byrum<br>McQuade Byrum PLLC<br>602 N. Columbus Street<br>Alexandria, VA  22314 |  |

**ALL PAPERS SUBMITTED MUST INCLUDE THE CASE NUMBER
1:04-CV-01044**

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you are not required to do so.

| *15.* | *When and where will the Court decide whether to approve the settlement?* |

The Court will hold a fairness hearing at _____, on _____, 2007, at the United States District Court for the District of Columbia, before the Honorable James Robertson. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Robertson will listen to people who have asked to speak at the hearing. The Court will also decide whether the fees and expenses paid to Lead Counsel for Plaintiffs are reasonable. At or after the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| 16. | *Do I have to go to the fairness hearing?* |

No. Lead Counsel for Plaintiffs will answer questions Judge Robertson may have. You are, however, welcome to go at your own expense. If you send an objection, you do not have to go to Court to talk about it. As long as your objection is received by the Court no later than **25 days before the hearing,** the Court will consider it. You also may pay your own lawyer to attend, but it is not necessary to do so.

| 17. | *May I speak at the hearing?* |

You must ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Morales v. Intelsat*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses indicated above in Question 14, and **must be received by the Court no later than 25 days before the hearing].**

## IF YOU DO NOTHING

| 18. | *What happens if I do nothing at all?* |

If you do nothing at all, you will be deemed to have consented to the settlement. The settlement does not require you to do anything. If the settlement is approved, and after any objections and appeals have been resolved, if you are eligible, you will be covered by the new ERISA health benefits plan, as described in this notice.

## GETTING MORE INFORMATION

| 19. | *Are there more details about the settlement?* |

A copy of the Agreement may be reviewed at the office of Lead Counsel for Plaintiffs, or a copy may be sent to you by e-mail. The Plan is one of the exhibits to the Agreement and may upon request be reviewed or sent to you by e-mail as well.

**Remember, please do not contact the Court. It cannot help you with additional information.**

DATED:_____

**Initial Premiums**

If the initial plan year of the Intelsat Qualifying Retiree Group Health Plan is 2007, the monthly premiums to be paid by each member of the Qualifying Retiree Group for the type of coverage elected by such member shall be as follows:

| Type of Plan | Plan is Primary; Medicare is Secondary or Inapplicable* | Medicare is Primary; Plan is Secondary** |
|---|---|---|
| **Choice Plus "Buy Up" Plan (medical benefits [including prescription drug rider] and vision benefits)** | | |
| Individual | $56.27 | $28.14 |
| Individual + Spouse | $118.18 | $59.09 |
| Individual + Child(ren) | $106.92 | $53.46 |
| Family | $182.89 | $91.45 |
| **Choice Plus "Core" Plan (medical benefits [including prescription drug rider] and vision benefits)** | **Plan is Primary; Medicare is Secondary*** | **Medicare is Primary; Plan is Secondary**** |
| Individual | $24.47 | $12.23 |
| Individual + Spouse | $51.38 | $25.69 |
| Individual + Child(ren) | $46.49 | $23.24 |
| Family | $79.52 | $39.76 |
| **Choice Plan (medical benefits [including prescription drug rider] and vision benefits)** | **Plan is Primary; Medicare is Secondary*** | **Medicare is Primary; Plan is Secondary**** |
| Individual | $45.82 | $22.91 |
| Individual + Spouse | $96.21 | $48.11 |
| Individual + Child(ren) | $87.05 | $43.52 |
| Family | $148.90 | $74.45 |
| **Dental Plan (Same rates regardless of Medicare coverage)** | | |
| Individual | $6.12 | $6.12 |
| Individual + Spouse | $12.00 | $12.00 |
| Individual + Child(ren) | $14.74 | $14.74 |
| Family | $19.05 | $19.05 |

\*   Premiums for Primary Plan coverage (with Medicare providing secondary coverage or no Medicare coverage) are calculated on the assumption that neither the retiree nor any of his covered dependents is enrolled in Medicare. If a retiree is on Medicare and the spouse or dependent is not, or vice versa, then the premiums will be a combination of the applicable premiums above. Thus, for example, for the Buy-Up Plan, the initial rate for a retiree on Medicare and a spouse who is not on Medicare would be $84.41 ($28.14 + $56.27), and the initial rate for a family where the spouse and two dependent children are not on Medicare but a retiree is on Medicare would be $135.06 ($106.92 + $28.14).

\*\*   When Medicare coverage is primary (and Plan coverage is secondary) for both the retiree and his covered dependents, premiums are 50% of the Primary Plan premiums. If a retiree is working for another company, and his employer is providing primary coverage, then the Secondary Plan premium rates apply.

Page 11

BA2/313176