IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Phillip S. Morales, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.:  1:04-CV-01044 |
| | | JUDGE:  James Robertson |
| Intelsat Global Service Corp., et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER CERTIFYING CLASS FOR
SETTLEMENT PURPOSES ONLY, PRELIMINARILY
APPROVING THE AGREEMENT OF SETTLEMENT
OF CONSOLIDATED ERISA CLASS ACTION,
AND APPROVING THE FORM AND MANNER OF NOTICE**

Upon consideration of the Joint Motion to Certify Class for Settlement Purposes Only, Preliminarily Approve the Agreement of Settlement of Consolidated ERISA Class Action, and to Approve the Form and Manner of Notice (the "Joint Motion"), and all exhibits attached thereto, and upon consideration of the briefs of the parties and any objections made to the Joint Motion,

It is this _____ day of _____, 2007,

ORDERED:

1. **Jurisdiction.**  This Court has jurisdiction over all parties to the ERISA and state law action captioned upon, including all members of the class and all defendants.

EXHIBIT D TO
AGREEMENT OF SETTLEMENT
and
EXHIBIT 2 TO JOINT MOTION

- 2 -

2. **<u>Certification of the Settlement Class.</u>** The Court hereby certifies a class for purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and (b)(2). The *Morales* and *Acosta* cases have previously been consolidated (the "Consolidated Action"), reflecting the similarity of claims and interests asserted by the two groups of plaintiffs, and a Fifth Amended and Consolidated Complaint has been filed in the Consolidated Action. One class is the proper vehicle for resolution of all claims brought in the Consolidated Action.

The Court specifically finds (a) that the number of members of the class is so numerous that joinder of all members thereof is impracticable; (b) that there are questions of law and fact common to the class; (c) that the claims of the Lead Plaintiffs are typical of the claims of the class; (d) that the Lead Plaintiffs will fairly and adequately represent the interests of the class; and (e) that defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or declaratory relief with respect to the class as a whole.

The Court further finds for settlement purposes only that this matter shall proceed as a non-opt out class under Fed. R. Civ. P. 23(a) and (b)(2). For purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and (b)(2), a non-opt out class is certified, which shall consist of the Qualifying Retiree Group, as that term is defined in Section 1.13 of the Agreement of Settlement of Consolidated ERISA Class Action ("Agreement") (the "Settlement Class").

3. **<u>Designation of Lead Plaintiffs and Lead Counsel for Plaintiffs.</u>** The Court designates plaintiffs Simon Bennett, David Connick, Debra Cooper, David Koff and Patricia S. Magarinos-Acosta as the Lead Plaintiffs for the sole purpose of seeking a

- 3 -

settlement of the Consolidated Action.  Also, for settlement purposes only, the Court appoints Lawrence P. Postol, Esquire of the law firm of Seyfarth Shaw LLP as Lead Counsel for Plaintiffs.

4.   **Preliminary Approval of Settlement.**  The Court hereby preliminarily approves the Agreement as submitted to this Court.  The Agreement appears on its face to be fair, reasonable and adequate; to have been the product of serious, informed, and extensive arm's-length negotiations among the parties; and to settle a genuine controversy between plaintiffs and defendants.

5.   **Approval of Notice.**  The Court hereby approves the form of Notice of Proposed Settlement of Class Action Lawsuit (the "Notice"), attached to the Agreement, and the parties' proposal for the dissemination of the Notice.  Notice shall be provided by mailing a copy of the Notice to each member of the Settlement Class by first-class mail at his or her last-known address.  The mailing of the Notice shall be completed within 30 days of the date of this Order.  The Court finds that the form and manner of providing notice of the settlement to the members of the Settlement Class, as set forth in the Agreement and approved herein, are reasonable under the circumstances, meet with the requirements of Fed. R. Civ. P. 23, and shall constitute due and sufficient notice to all members of the Settlement Class.

6.   **Settlement Fairness Hearing.**  A hearing pursuant to Rule 23(e) (a "Settlement Fairness Hearing") is scheduled for _____a.m./p.m. on _____, 2007, which date shall be set forth in the Notice. The Settlement Fairness Hearing will have the following purposes:

- 4 -

      a.    to determine whether the proposed settlement is fair, reasonable and adequate, and whether it should be approved by the Court;

      b.    to determine whether a class pursuant to Rule 23(b)(2) should be finally certified;

      c.    to determine whether the settlement has been negotiated at arm's length by Lead Plaintiffs and Lead Counsel for Plaintiffs on behalf of the class and whether Lead Plaintiffs have acted independently and that their interests are identical to those of the class;

      d.    to determine whether the Consent Decree and Final Judgment attached to the Agreement should be entered;

      e.    to determine whether an award of attorneys' fees, pursuant to Section 3.6 of the Agreement, is to be awarded to Lead Counsel for Plaintiffs as reasonable attorneys' fees in connection with the settlement; and

      f.    to rule upon such other matters as are brought before the Court.

    7.    **<u>Appearance at Settlement Fairness Hearing and Objections to Settlement.</u>**  The Court shall consider all objections, comments or other matters pertaining to (a) certification of the class, (b) approval of the settlement and (c) all other matters pertaining to the Consolidated Action; **provided however,** that such objections, comments or requests to the Court and all supporting papers must be filed with the Clerk of the Court, United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001, and received no later than 25 days before the Settlement Fairness Hearing (which date shall be set forth in the Notice), and, by the same date, copies of all such papers shall be served on each of the following persons:

- 5 -

| | |
|---|---|
| Lawrence P. Postol | G. Stewart Webb, Jr. |
| Seyfarth Shaw LLP | VENABLE LLP |
| 815 Connecticut Ave., N.W. | 2 Hopkins Plaza |
| Suite 500 | Suite 1800 |
| Washington, DC 20006 | Baltimore, Maryland  21201 |
| *Lead Counsel for Plaintiffs* | *Defense Counsel* |

8.    **Stay.**  Until the Court makes a final determination on whether to approve the Agreement, the Consolidated Action is stayed.

9.    **Termination of Settlement.**  If the Agreement is not approved or if the Consent Decree and Final Judgment is not entered herein, the Agreement is terminated, the class certified for settlement purposes only shall be decertified, and this Order shall be without any effect; no law of the case or precedential arguments shall be based on the entry of this Order.  The parties shall be restored to their respective positions as they existed prior to execution of the Agreement.

IT IS SO ORDERED.


Dated: _____     _____
                                              United States District Judge