FILED

SEP 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Phillip S. Morales, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: 1:04-CV-01044<br>JUDGE: James Robertson |
| Intelsat Global Service Corp., et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CONSENT DECREE AND FINAL JUDGMENT

On _July 12_, 2007, a hearing (the "Settlement Fairness Hearing") was held before the Court to determine: (a) whether the proposed settlement is fair, reasonable and adequate, and whether it should be approved by the Court; (b) whether a class pursuant to Rule 23(b)(2) should be finally certified; (c) whether the settlement has been negotiated at arm's length by Lead Plaintiffs and Lead Counsel for Plaintiffs on behalf of the class and whether Lead Plaintiffs have acted independently and that their interests are identical to those of the class; (d) whether the Consent Decree and Final Judgment should be entered; and (e) the amount, if any, to be awarded to ~~Lead~~ Counsel for Plaintiffs as reasonable attorneys' fees in connection with the settlement.

JR

And it appearing that the Notice of Proposed Settlement of Class Action Lawsuit (the "Notice"), substantially in the form approved by the Court, was sent by first-class mail to the class members at their respective last-known addresses;

And the Court, having considered any and all class members' objections to the proposed settlement;

And the Court, having considered all matters submitted to it before and during the Settlement Fairness Hearing, and otherwise having determined the fairness and reasonableness of the proposed settlement;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. **Definitions.** To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the Agreement of Settlement of Consolidated ERISA Class Action (the "Agreement") and/or the Court's prior Order preliminarily approving the proposed settlement.

2. **Jurisdiction.** The Court has jurisdiction over all parties to the Consolidated Action, including all members of the class and all defendants.

3. **No Admission or Evidence of Liability.** Neither the Agreement nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or settlement:

    a.   shall be offered or received against any of the defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any defendant of the truth of any fact alleged by Lead Plaintiffs on behalf of the class or the validity of any claim that had been or could have been asserted in the

Consolidated Action, or the deficiency of any defense that had been or could have been asserted in the Consolidated Action, or of any liability, negligence, fault, or wrongdoing of any of the defendants; or

    b.    shall be deemed to be or used as an admission of any liability, negligence, fault or wrongdoing of any of the defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

    4.    **Finalization of Preliminary Findings.** For purposes of settlement only and pursuant to Fed. R. Civ. P. 23(a) and (b)(2), the Court hereby certifies a non-opt out class, which shall consist of the Qualifying Retiree Group, as that term is defined in Section 1.13 of the Agreement. Pursuant to Fed. R. Civ. P. 23, the Court appoints Lead Plaintiffs Simon Bennett, David Connick, Debra Cooper, David Koff and Patricia S. Magarinos-Acosta as representatives of the class for purposes of the settlement. Pursuant to Rule 23(g), the Court appoints Lawrence P. Postol, Esquire of the law firm of Seyfarth Shaw LLP as Lead Counsel for Plaintiffs. For purposes of settlement only, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(2) have been satisfied in that: (a) the number of members of the class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of the Lead Plaintiffs are typical of the claims of the class; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the class; and (e) defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or declaratory relief with respect to the class as a whole.

5. **Notice.** The Court hereby finds that the Notice and the proposal for the dissemination of the Notice described herein were reasonable under the circumstances, met the requirements of Fed. R. Civ. P. 23, and constituted due and sufficient notice to all members of the class. The Notice provided the members of the class with a full opportunity to object to the settlement and to participate in the Settlement Fairness Hearing.

6. **Approval of Settlement.** Subject to this Consent Decree and Final Judgment, the settlement set forth in the Agreement is hereby **APPROVED** as fair, reasonable and adequate, and in the best interests of members of the class. All objections to the settlement are **DENIED.** The parties to the settlement are directed to consummate the settlement in accordance with the terms and provisions of the Agreement.

7. **Incorporation of Plan**. The Court hereby incorporates, into this Consent Decree and Final Judgment, the terms of the Intelsat Qualifying Retiree Group Health Plan, attached hereto, as may be modified pursuant to the terms of the Plan. Defendants are hereby ordered to comply with the terms of the Intelsat Qualifying Retiree Group Health Plan document that is incorporated herein.

8. **Dismissal with Prejudice.** The claims in the Fifth Amended and Consolidated Complaint are dismissed, without costs and with prejudice.

9. **Release.** All claims of all members of the Class and the Qualifying Retiree Group shall be deemed to have been fully, finally and forever released, remised and discharged, and said persons shall be forever barred from prosecuting any and all claims, demands, damages, rights, liabilities and/or causes of action, in law or in equity,

- 5 -

in any court in the United States or anywhere else in the world, whether known or unknown, matured or unmatured, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, arising under state or federal law or any other source of law, by or on behalf of the plaintiffs, their surviving spouses, dependents and domestic partners, any Class member, any member of the Qualifying Retiree Group, or other successors or assigns against INTELSAT/IGO, Intelsat or any member of the Intelsat Obligors, any group health or dental plan sponsored by Intelsat that provided benefits to the Qualifying Retiree Group prior to the date of the Agreement, or their Plan fiduciaries, arising out of or relating to the IGO Board Resolutions or the claims asserted or that could have been asserted in the Consolidated Action; provided, however, that excluded from this release are any routine claims for benefits submitted to UnitedHealthcare or MetLife based on medical benefits or services rendered by medical providers or dentists before the Effective Date, which shall be processed and paid in accordance with the terms of the Prior Retiree Health Plan.

10. **Termination of Settlement.** In the event this Consent Decree and Final Judgment does not become final for any reason, the Agreement is terminated, the class certified for settlement purposes only shall be decertified, and this Consent Decree and Final Judgment shall be without any effect; no law of the case or precedential arguments shall be based on the entry of this Consent Decree and Final Judgment. The parties shall be restored to their respective positions as they existed prior to execution of the Agreement.

11. **Fees.** Counsel for Plaintiffs are hereby awarded attorneys' fees in the amount of $270,000. The foregoing fees have been determined by the Court to be fair, reasonable and entirely appropriate. The fees awarded herein shall be paid by Intelsat pursuant to the terms of the Agreement. If counsel are unable to agree on a division of these funds, they may submit their dispute separately to the court for resolution, and the court will retain jurisdiction for that purpose. No other fees, costs or expenses shall be awarded in connection with the Consolidated Action or any other related action.

12. **Entry of Final Judgment.** The Court hereby directs that this Consent Decree and Final Judgment be entered by the Clerk of the court.

_____
JAMES ROBERTSON
United States District Judge

Dated: September 25, 2007